UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLORIA BROADWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1902** |
| **U.S. DEPT. OF HOMELAND SECURITY** | **SECTION "K" (2)** |

### ORDER

Before the Court is defendants' Motion for Summary Judgment (Rec. Doc. No. 41). The motions were submitted on the briefs. After having considered the pleadings, memoranda, and relevant law the Court **GRANTS** defendants' motion.

### BACKGROUND:

Plaintiff, Gloria Broadway, is a fifty-eight year old black female who was employed as a Technical Information Clerk with the United States Coast Guard from 1991 until her retirement in 2004. She was employed with the Coast Guard since November of 1975. Plaintiff was classified as a GS-5 and allegedly sought a promotion to the GS-6 or higher classification. Plaintiff filed the instant suit in 2004 alleging employment discrimination and/or retaliation based on her race, sex, and age. Specifically plaintiff claimed: (1) that her employer failed to

timely and properly evaluate her; (2) that her employer created a hostile work environment by not upgrading her position and by making degrading and derogatory comments to her that included the use of profanity; and (3) that her employer failed to promote her, and instead, promoted younger white females and others with less experience than her. See Rec. No. Doc.18. Defendants filed a partial motion to dismiss as to plaintiff's first two claims, which this Court granted on June 2, 2005.  See Rec. Doc. No. 26.  Accordingly, the only issue remaining is whether plaintiff was discriminated against, on account of her race, sex, age, or in reprisal, when she was not promoted into a secretarial position that became available sometime in October of 1999.  Defendants now move for summary judgment on this claim arguing that plaintiff has failed to state a *prima facie* case for disparate treatment or retaliatory discrimination; alternatively defendants argue they have proffered a legitimate, nondiscriminatory reason for selecting another woman, Jennifer McCloskey, for the secretarial position.

**LEGAL STANDARD:**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "[M]ere allegations" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits" as "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are tasks for the trier-of-fact." *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

**ANALYSIS**:

1.   Disparate treatment due to age and race

A plaintiff may state a *prima facie* case of discrimination by showing that (1) she was a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment decision; and (4) that someone outside of the protected class was chosen for

3

the position instead. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for not selecting plaintiff. *See McDonnell-Douglas v. Green*, 411 U.S. 792, 802-04 (1973). If defendant satisfies its burden then the burden shifts back to the plaintiff who must prove that the reasons offered by the defendant are "a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

Sometime in October of 1999 a secretarial position at the GS-6/7 level became available in the Marine Safety Office of the United States Coast Guard located in New Orleans, Louisiana. Defendants argue that plaintiff fails to make a *prima facie* case of discrimination because plaintiff never actually applied for the secretarial position, and as such, prong 2 of the above test is not met as plaintiff never actually qualified for the position. In support defendants cite *Kolpakchi v. Principi*, 133 Fed.Appx. 633 (5th Cir. 2004) wherein the Fifth Circuit held that a female, Jewish doctor who literally failed to submit an application for a position, despite expressing interest in it to her superiors, could not make out a prima facie case for discrimination under the second prong because she never qualified for the position. *Id.* at *5 ("Simply put, [plaintiff] failed to apply for the position despite [others'] entreatments. That would have been the most reasonable way for her to convey her interest in the position . . . she did not apply for the position and thus cannot make out a prima facie case of employment discrimination."). Alternatively defendants argue that even if plaintiff makes a *prima facie* case, she cannot demonstrated that defendants' given reasons for promoting Jennifer McCloskey[1]–namely that McCloskey was performing well and had expressed an interest in the position–were at all pretextual.

---

[1]McCloskey, born in 1978, was a white female who was "temping" in the secretarial position during the time in question.

Plaintiff responds that as a black female born in 1941 who began her employment with the Coast Guard in 1975 she is a member of a protected class, was more qualified than McCloskey based on her resume, was subjected to an adverse employment action by not being selected for the position, and that the position went to McCloskey, a member outside of the protected class.[2] Furthermore, despite defendants' argument that by not applying for the position plaintiff fails to meet the second prong of the prima facie test, "[a] plaintiff who does not apply may establish a *prima facie* case if the employer's discriminatory practices make application futile." *McClure v. Career Systems Development*, 447 F.3d 1133, 1136 (8th Cir. 2006).

The Court finds plaintiff has failed to make a prima facie case of discrimination.[3] Review of the evidence offered reveals that it is undisputed that plaintiff failed to apply for the position as required.[4] See Rec. Doc. No. 41, Exh. A. Declaration of Lori Matherne, ¶¶5-6; see also Rec. Doc. No. 41, Exh. B, Declaration of Rear Admiral Stephen W. Rochon, ¶¶ 11-13. Additionally, plaintiff has made no showing that any application for the secretarial position by her would have been futile. The evidence supports the conclusion that had she applied for the position her application would have been considered and evaluated as per normal protocols. See Id.

2.   Retaliation

To prevail on this claim plaintiff must establish that (1) the activity engaged by her is protected by Title VII, (2) she was subjected to an adverse employment action, and (3) there is a

---

[2] The Court notes that McCloskey, being female, is in the *same* class as plaintiff in terms of any gender discrimination claims.

[3] As a result of this finding the Court need not address whether defendants' proffered legitimate non-discriminatory reason is pretextual.

[4] In fact no one from the New Orleans Marine Safety Office applied for the secretarial position. See Rec. Doc. No. 41, Exh. A. Declaration of Lori Matherne, ¶6.

causal link between the protected activity and the adverse employment action. *See Douglas v. DynMcDermott Petroleum Opers. Co.*, 144 "F.3d 364, 372 (5th Cir. 1998), *cert denied*, 119 S.Ct. 798 (1999). The burden shifting framework enunciated in *McDonnell-Douglas v. Green*, 411 U.S. 792, 93 (1973) applies such that if plaintiff proves a *prima facie* case of retaliation, the burden of production then shifts to defendants to articulate legitimate, non-retaliatory reasons for their actions. *Id.* Then the burden shifts back to plaintiff to prove pretext, namely that the real motive behind the action was retaliation. *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989 (5th Cir. 1996).

Other than not getting a job she never applied for, plaintiff has failed to show she was subjected to any employment action at all, much less an adverse one. Consequently plaintiff has failed to meet the test for retaliation. Taking all of the facts in the best light for plaintiff, it is clear that the only thing that happened to plaintiff during the term and course of her employment as a librarian with the Marine Safety Office was that plaintiff was able to keep her position and pay grad long after her particular position had become obsolete. See Rec. Doc. No. 41, Exh. B, Declaration of Rear Admiral Stephen W. Rochon, ¶14. Based on these facts the Court finds no evidence of retaliation.[5]

Accordingly,

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Rec. Doc. No. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's claims for discrimination are hereby **DISMISSED** with prejudice.

---

[5] Because the Court finds plaintiff has failed to establish either a *prima facie* case of disparate treatment or retaliatory discrimination the Court need not reach whether defendants' proffered reason for hiring Jennifer McCloskey into the relevant secretarial position was pretextual.

6

New Orleans, Louisiana, this __22nd__ day of August, 2006.

                                                  **STANWOOD R. DUVAL, JR.**
                                          **UNITED STATES DISTRICT COURT JUDGE**